U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 0 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAMSON-DICKIE MANUFACTURING §
COMPANY, §
 §
       Plaintiff, §
 §
VS. § NO. 4:15-CV-164-A
 §
APPAREL LIMITED, INC., ET AL., §
 §
       Defendants. §

## MEMORANDUM OPINION
and
## ORDER

Came on for consideration the motion of plaintiff,

Williamson-Dickie Manufacturing Company ("Williamson-Dickie"), to

dismiss certain of the claims alleged in the amended

counterclaims of defendant Apparel Limited, Inc. ("Apparel

Inc."). Apparel Inc. filed a response. Having now considered

the motion, the response, other pertinent parts of the record,

and applicable legal authorities, the court concludes that the

motion should be granted in part, that Apparel Inc.'s claims for

alleged tortious interference with prospective business

relationships and breach of a duty of good faith and fair dealing

should be dismissed, and that the other relief sought by the

motion should be denied.

I.

Background

Williamson-Dickie initiated this action by filing an original petition in the District Court of Tarrant County, Texas, 342nd Judicial District, on February 5, 2015.  Defendants, Apparel Inc. and Apparel LTD, LLC, filed a notice of removal to this court on March 6, 2015.  Apparel Inc.'s answer to Williamson-Dickie's first amended complaint included a counterclaim that asserted one count of breach of contract, one count of tortious interference, one count of breach of the duty of good faith and fair dealing, and a claim for attorneys' fees.

Apparel Inc. makes the following factual allegations in support of its counterclaim:

Williamson-Dickie and Apparel Inc. entered into a licensing agreement ("the agreement") on July 13, 2010, that granted Apparel Inc. the exclusive right to sell within the United States and its territories and possessions through "authorized channels" certain products ("Licensed Products") that bore Williamson-Dickie's trademarks.  Such authorized channels included mass merchandisers such as Wal-Mart.  The agreement's term began January 1, 2012.

2

II.

## Grounds of Williamson-Dickie's Motion

Defendant Apparel Inc. alleged that Williamson-Dickie breached the agreement by: "(1) selling the Licensed Products; (2) bearing the Trademarks; (3) in the Geographic Area; (4) through Apparel Inc.'s authorized channels of trade . . . ." Answer at 8. Apparel Inc. also alleged that Williamson-Dickie tortiously interfered with Apparel Inc.'s agreements with various third-party retailers and prospective business relationships, and breached a duty of good faith and fair dealing. Apparel Inc. also alleged it was entitled to attorneys' fees.

Williamson-Dickie argued in its motion that Apparel Inc.'s counterclaim for breach of the duty of good faith and fair dealing should be dismissed because Texas law does not impose such duty in this type of contractual relationship. Moreover, Williamson-Dickie argued that Apparel Inc.'s counterclaim for tortious interference should be dismissed, because (1) any interference on the part of Williamson-Dickie was justified, (2) Apparel Inc. did not properly plead tortious interference with an existing business relationship because it failed to plead that Williamson-Dickie's conduct was independently unlawful, and (3) Apparel Inc. did not properly plead tortious interference with prospective business relationships, because Apparel Inc. failed

"to plead there was a reasonable probability that it would have entered into any prospective contracts."  Mot. Br. at 6-9.

III.

Standards Applicable to Motions to Dismiss

The court now considers the standard of pleading, and applies these standards to Apparel Inc.'s pleading.  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the [counter-]defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted).  Although such a pleading need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the pleader to do more than simply allege legal conclusions or recite the elements of a cause of action.  Id. at 555 & n.3.  Thus, while a court must accept all of the factual allegations in the pleading as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a

4

complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to

state a claim, the facts pleaded must allow the court to infer

that the pleader's right to relief is plausible.  Id.  To allege

a plausible right to relief, the facts pleaded must suggest

liability; allegations that are merely consistent with unlawful

conduct are insufficient.  Twombly, 550 U.S. at 566-69.

"Determining whether a [pleading] states a plausible claim for

relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common

sense."  Iqbal, 556 U.S. at 679.

IV.

Application of Law to Facts

A.   Apparel Inc.'s Counterclaim for Breach of the Duty of Good
     Faith and Fair Dealing

As near as the court can tell, no Texas court has addressed

the issue of whether a licensor owes a licensee a duty of good

faith and fair dealing.  Without a decision on point, this court

must "make an Erie guess, i.e. forecast how the Texas Supreme

Court would rule."  Mid-Continent Cas. Co. v. Eland Energy, Inc.,

709 F.3d 515, 520 (5th Cir. 2013) (citation and internal

quotation marks omitted).

Under Texas common law, it is well settled that "[t]here is

5

no general duty of good faith and fair dealing in ordinary, arms-length commercial transactions." Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc., 960 S.W.2d 41, 52 (Tex. 1998). The Texas Supreme Court "has imposed an actionable duty of good faith and fair dealing only when there is a special relationship, such as that between an insured and his or her insurance carrier." City of Midland v. O'Bryant, 18 S.W.3d 209, 215 (Tex. 2000). Such a duty is inferred in the insurance context because of the "parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." Arnold v. National Cnty. Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987). In the past, this duty also applied in the workers compensation context, but the Texas Supreme Court overruled the decision that so held because the legislature had, since that decision, enacted comprehensive legislation which did away with the need for the common law duty of good faith and fair dealing in the workers compensation context. Texas Mut. Ins. Co. v. Ruttiger, 381 S.W.3d 430, 433 (Tex. 2012). However, the Texas Supreme Court noted that the reason they had applied such duty was: "(1) disparity of bargaining power between compensation insurers and employees, (2) the exclusive control that an insurer

6

exercises over processing of claims, and (3) arbitrary decisions by carriers to refuse to pay or delay payment of valid claims [left] the insured employees with no immediate recourse." <u>Id.</u> at 447.   In contrast, Texas courts have declined to hold such a duty exists in the franchise context, <u>Subaru of Am., Inc. v. David McDavid Nissan, Inc.</u>, 84 S.W.3d 212, 225 (Tex. 2002), and in the employee-employer relationship, <u>O'Bryant</u>, 18 S.W.3d at 216, because such relationships were not sufficiently similar to that in the insurance context.

No facts are alleged that would lead to the conclusion that the agreement was not negotiated between two parties of equal bargaining power.   Furthermore, taking as true Apparel Inc.'s allegations, it may be said that Williamson-Dickie has foreclosed certain retail options, but it cannot be said that Williamson-Dickie's conduct leaves Apparel Inc. with no control over the use of the license granted to it.   The court finds that the relationship in the above-captioned case is not sufficiently similar to the insurer-insured relationship for the Texas Supreme Court to hold that Williamson-Dickie owed Apparel Inc. a duty of good faith and fair dealing.   This case more closely resembles the franchise agreement situation dealt with by the Texas Supreme Court in <u>Subaru</u>.   For that reason, the court concludes that Apparel Inc.'s counterclaim should be dismissed because of failure to state a claim upon which relief may be granted.

B.   <u>Apparel Inc.'s Counterclaim for Tortious Interference</u>

Williamson-Dickie argued that Apparel Inc. failed to state a

claim for tortious interference upon which relief may be granted,

because (1) Apparel Inc.'s claim for tortious interference with a

prospective business relationship was insufficient in that it did

not plead that (a) there was a reasonable probability that it

would have entered into any prospective contracts and (b) that

Williamson-Dickie's conduct was independently tortious or

unlawful; (2) Apparel Inc.'s claim for tortious interference with

an existing business relationship is insufficient because Apparel

Inc. did not plead that Williamson-Dickie's conduct was unlawful;

and (3) Williamson-Dickie was legally justified in its conduct.

In order to state a claim for tortious interference with an

existing business relationship, Apparel Inc. must have pleaded

that there was "(1) an existing contract subject to interference,

(2) a willful and intentional act of interference with the

contract, (3) that proximately caused the [pleader's] injury, and

(4) caused actual damages or loss."   <u>Prudential Ins. Co. of Am.</u>

<u>v. Financial Review Servs., Inc.</u>, 29 S.W.3d 74, 77 (Tex. 2000).

Contrary to Williamson-Dickie's contention, plaintiff need not

plead that Williamson-Dickie's conduct was unlawful.  Apparel

Inc. pleaded that (1) it had existing agreements with "various

third party clothing retailers, including but not limited to Wal-

Mart," (2) Williamson-Dickie knew of those agreements but

8

approached such retailers anyway, (3) because of Williamson-

Dickie's conduct, Apparel Inc. was deprived of the benefit of

those agreements, and (4) Apparel Inc. thus suffered damage.

Therefore, Apparel Inc. has properly pleaded a claim for tortious

interference.

In order to state a claim for tortious interference with a

prospective business relationship, Apparel Inc. must have pleaded

that

> (1) there was a reasonable probability that [it] would
> have entered into a business relationship with a third
> party; (2) the [counter-]defendant either acted with
> conscious desire to prevent the relationship from
> occurring or knew the interference was certain or
> substantially certain to occur as a result of the
> conduct; (3) the [counter-]defendant's conduct was
> independently tortious or unlawful; (4) the
> interference proximately caused the [pleader] injury;
> and (5) the [pleader] suffered actual damage or loss as
> a result.

Coinmach Corp. v. Aspenwood Apartment Corp., 417 S.W.3d 909, 923

(Tex. 2013). Apparel Inc. pleaded that Williamson-Dickie's

conduct was independently tortious because it breached the duty

of good faith and fair dealing. As discussed above, Williamson-

Dickie owed no such duty to Apparel Inc., and therefore, without

reaching the other elements of the claim, Apparel Inc. has failed

to state a claim for tortious interference with a prospective

business relationship.

Lastly, Williamson-Dickie argued that Apparel Inc.'s claims

for tortious interference fail, because Williamson-Dickie was

justified in its conduct, because Apparel Inc. was not granted an

exclusive license by the contract.  Williamson-Dickie may defeat

a claim for tortious interference where it proves, as an

affirmative defense, that its conduct was privileged or

justified.  <u>Prudential Ins. Co. of Am.</u>, 29 S.W.3d at 77-78.

"[W]hen a successful affirmative defense appears on the face of

the pleadings, dismissal under Rule 12(b)(6) may be appropriate."

<u>Kansas Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of</u>

<u>Texas</u>, 20 F.3d 1362, 1366 (5th Cir. 1994).  However, in this

instance, Williamson-Dickie's affirmative defense of

justification does not appear on the face of the pleadings.  For

that reason, the court concludes that this defense is more

appropriately raised in a motion for summary judgment.

C.    <u>Apparel Inc.'s Request to Replead</u>

      To the extent which Apparel Inc. seeks leave to replead in

its answer to the motion to dismiss, such relief is denied

because it would be futile.  <u>See</u> <u>Matter of Southmark Corp.</u>, 88

F.3d 311, 314-315 (5th Cir. 1996) ("In deciding whether to grant

such leave, the court may consider such factors as . . . futility

of amendment.").  Because Williamson-Dickie did not owe Apparel

Inc. a duty of good faith and fair dealing, Apparel Inc. can

plead no set of facts to support this claim, and thus repleading

would be futile.  Furthermore, as Apparel Inc.'s tortious

interference with a prospective business relationship claim relies on its allegation that Williamson-Dickie breached the duty of good faith and fair dealing, Apparel Inc. also cannot plead any set of facts to support that claim.

V.

Order

Therefore,

The court ORDERS that the motion to dismiss the amended counterclaims of defendant Apparel Inc. by Williamson-Dickie be, and is hereby, granted as to Apparel Inc.'s counterclaims of tortious interference with prospective business relationships and breach of the duty of good faith and fair dealing, which counterclaims are hereby dismissed, and that in all other respects such motion be, and is hereby, denied.

SIGNED June 10, 2015.

_____
JOHN McBRYDE
United States District Judge